JEAN-PAUL JASSY, SBN 220513
jpjassy@jassyvick.com
AMANDA HARRIS, SBN 353438
aharris@jassyvick.com
JASSY VICK CAROLAN LLP
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: 310.870.7048
Facsimile: 310.870.7010

RENEE M. GRIFFIN*
rgriffin@rcfp.org
GRAYSON CLARY*
gclary@rcfp.org
ADAM A. MARSHALL*
amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: 202.795.9300
Facsimile: 202.795.9310

**pro hac vice*

Attorneys for Plaintiff LAUREN TOMASI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LAUREN TOMASI,

Plaintiff,

v.

CITY OF LOS ANGELES, a municipal entity, and JOHN DOE, officer of the Los Angeles Police Department, in his individual capacity,

Defendants.

CASE NO. 2:26-cv-06184

**NOTICE OF MOTION AND MOTION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT AND FOR EXPEDITED DISCOVERY**

Hearing

Date: October 8, 2026
Time: 10:00 a.m.
Courtroom: 5B
Judge Hernan D. Vera

## NOTICE OF MOTION

**TO THE COURT AND TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 8, 2026, at 10:00 a.m., or as soon thereafter as Plaintiff may be heard, in Courtroom 5B of the above-entitled Court located at 350 W 1st Street, Suite 4311, Los Angeles, CA 90012, Plaintiff will, and hereby does move this Court as follows:

Plaintiff moves this Court to extend the time for service as to the unknown JOHN DOE defendant for 90 days from the current deadline of September 4, 2026 to December 3, 2026. Plaintiff's counsel has repeatedly contacted counsel for Defendant City of Los Angeles ("City") and inquired as to the identity of the JOHN DOE named as a defendant in its complaint, Dkt. 1, as well as sought to confer regarding case management and resolution of this Motion. Counsel for the City has not responded.

**MEET AND CONFER COMPLIANCE**

Plaintiff's counsel has made repeated attempts to contact counsel for Defendant City of Los Angeles, including five emails over five weeks, but has never received a response. On August 18, 2026, after more than a month of contacting counsel for Defendant City of Los Angeles to inquire as to the identity of Defendant JOHN DOE, Renee Griffin, counsel for Plaintiff Lauren Tomasi, called the office of Rebecca Hunter, who has appeared on behalf of the City in this matter, and left a message with Ms. Hunter's staff requesting a call back to confer regarding noting that Plaintiff's planned Motion. *See* Griffin Decl. ¶¶ 5–9. Ms. Griffin also followed up by email on August 18, 2026, to reiterate her request that Ms. Hunter return her call or schedule a call to meet and confer about this Motion at Ms. Hunter's earliest convenience. *Id.* at ¶ 10. Ms. Griffin called and left a message with the office of Rebecca Hunter a final time on August 20, 2026. *Id.* at ¶ 11. Ms. Hunter did not respond either to Ms. Griffin's phone messages or emails. *Id.* at ¶ 12.

Due to the lack of City's counsel's participation, this Motion is made.

Dated: August 26, 2026

JEAN-PAUL JASSY
AMANDA HARRIS
JASSY VICK CAROLAN LLP

RENEE M. GRIFFIN
GRAYSON CLARY
ADAM A. MARSHALL
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS

By: */s/ Renee M. Griffin*
Renee M. Griffin

Attorneys for Plaintiff LAUREN TOMASI

**MOTION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT AND FOR EXPEDITED DISCOVERY**

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Lauren Tomasi respectfully moves the Court for an order permitting her to conduct limited discovery prior to the Rule 26(f) conference in order to determine the identity and location of Defendant JOHN DOE. Plaintiff further moves this court to continue the deadline to serve the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m) by 90 days, to December 3, 2026, so that Plaintiff may have an opportunity to identify and locate Defendant JOHN DOE and serve him with the complaint and summons.

## II. BACKGROUND

Ms. Tomasi filed her complaint on June 8, 2026, alleging claims for First, Fourth, and Fourteenth Amendment violations under 42 U.S.C. § 1983 against JOHN DOE in his individual capacity; claims for First and Fourth Amendment violations against City of Los Angeles; and a Bane Civil Rights Act violation, battery by a peace officer, and negligence against both JOHN DOE and City of Los Angeles. Complaint,

Dkt. 1 (“Complaint”) ¶¶ 58–108. These claims arise out of an incident in which Los Angeles Police Officer JOHN DOE shot Ms. Tomasi in the leg while Ms. Tomasi was reporting on protests live on air to Australian news network Channel Nine in downtown Los Angeles. Complaint ¶¶ 1–6.

Plaintiff’s counsel believes that Defendant City of Los Angeles (“City”) is aware of Defendant JOHN DOE’s identity, including because it possesses his body-worn camera footage, which it attached as an exhibit to materials that it filed in another case. Griffin Decl. ¶ 13; *see also* Decl. of Lieutenant Jasmin Gomez, *Los Angeles Press Club v. City of Los Angeles*, No. 2:25-cv-05423, ECF No. 69-4 ¶ 9 (C.D. Cal. Aug. 18, 2025) (attaching as Exhibit J body worn camera footage from “Officer Lopez,” capturing his shooting of Ms. Tomasi).

Since Ms. Tomasi filed her complaint, counsel for Ms. Tomasi has made every possible effort to identify and locate Defendant JOHN DOE so as to serve him with said complaint and the summons in this case. Counsel for Ms. Tomasi emailed Christian R. Bojorquez, formerly counsel for City of Los Angeles, on July 10, 2026 and July 17, 2026, requesting Defendant JOHN DOE’s full name. Griffin Decl. ¶¶ 5–6. After Rebecca E. Hunter replaced Mr. Bojorquez as lead counsel for City of Los Angeles, Dkt. 30, counsel for Ms. Tomasi emailed Ms. Hunter on July 23, 2026, August 7, 2026, and August 18, 2026, inquiring about the identity of Defendant JOHN DOE. Griffin Decl. ¶¶ 7–9. Finally, counsel for Ms. Tomasi called Ms. Hunter on August 18, 2026, and left a voicemail explaining that Ms. Tomasi planned to file the instant Motion to seek additional time to identify and serve Defendant JOHN DOE and asking for Ms. Hunter’s availability to meet and confer regarding same. *Id.* ¶¶ 9–10. Neither Mr. Bojorquez, nor Ms. Hunter, nor any other counsel representing Defendants responded to these attempts to contact them and to meet and confer. *Id.* ¶¶ 5–12.

Even prior to filing the Complaint, on September 9, 2025, Ms. Tomasi sought to identify Defendant DOE by submitting a public records request to the Los Angeles Police Department (“LAPD”) seeking relevant information pursuant to the California

Public Records Act, Gov't Code §§ 7920.005 et seq., California Penal Code §§ 832.7-832.8, and Art. I, § 3(b) of the California Constitution. *Id.* ¶ 2. A response from the LAPD was due no later than September 15, 2025, but it closed the request without producing any responsive records or disclosing whether any responsive records did or did not exist. *Id.*

Ms. Tomasi is therefore seeking an additional 90 days to serve the summons and complaint on Defendant JOHN DOE and permission to pursue limited discovery during this 90-day window to identify and locate JOHN DOE. Specifically, Ms. Tomasi plans to serve discovery requests on the City seeking information on the identity and location of Defendant JOHN DOE.

## III. ARGUMENT

### A. *Good Cause Exists to Extend the Deadline for Plaintiff to Serve Defendant JOHN DOE*

Federal Rule of Procedure 4(m) sets a deadline for a plaintiff to serve a defendant "90 days after the complaint is filed[.]" The Rule also provides that "the court must extend the time for service for an appropriate period" where "the plaintiff shows good cause[.]" Fed. R. Civ. P. 4(m).

"Good cause generally means plaintiff attempted service but did not complete it; plaintiff was confused about the requirements of service; or *plaintiff was prevented from serving defendants by factors beyond his control.*" *Luckett v. City of Los Angeles*, No. 5:22-CV-00183-SHK, 2024 WL 5472927, at *3 (C.D. Cal. Feb. 1, 2024) (quoting *Raiser v. San Diego Cnty.*, Case No. 19cv751-GPC (KSC), 2019 WL 4675773, at *2 (S.D. Cal. Sep. 25, 2019)) (emphasis added).

Courts in the Ninth Circuit have found that good cause exists where a plaintiff "has been diligent and has attempted to discover the identities of [a DOE defendant] but has been unable to do so[.]" *Raiser*, 2019 WL 4675773 at *3; *see also Luckett*, 2024 WL 5472927, at *4 (granting motion to extend time to serve DOE defendants where "Plaintiffs were diligent in seeking . . . information" about their identities). In

*Raiser*, the court specifically acknowledged that the plaintiff "must therefore serve defendant San Diego County with limited discovery requests on an expedited basis to discover the identities of the DOE defendants," necessitating "additional time to serve the DOE defendants once they are identified." *Id.* at *3. The court further held that the additional time to serve the DOE defendants would not "cause any prejudice to the DOE defendants, because their employer is already a defendant and has been served with a summons and the . . . Complaint . . . [which] specifically identifies the DOE defendants by date and by the locations where the alleged incidents took place." *Id.*

The same is true here. Ms. Tomasi has diligently sought the identity of the DOE defendant named in her complaint. *See generally* Griffin Decl. Because Ms. Tomasi has been prevented from serving the DOE defendant by factors beyond her control—namely, that Defendant City of Los Angeles has failed to respond to any communications from Ms. Tomasi's counsel regarding JOHN DOE's identity despite clear evidence that the City has that information. Griffin Decl. ¶ 13. Granting Ms. Tomasi additional time to serve Defendant JOHN DOE will not prejudice him because his employer (the City) is already a defendant and because the Complaint specifically identifies him by the date and location where he shot Ms. Tomasi. Complaint at ¶¶ 1–6.

Finally, as was the case in *Luckett*, if "leave to amend is not granted, [Plaintiff] would potentially be precluded from pursuing several of [her] claims." *Luckett*, 2024 WL 5472927, at *4.

Good cause therefore exists to extend the time required for Ms. Tomasi to serve Defendant JOHN DOE with the summons and complaint.

### B. *Good Cause Exists to Permit Expedited Discovery to Identify Defendant JOHN DOE*

Generally, Federal Rule of Civil Procedure 26(d)(1) prohibits parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." However, "district courts

in this Circuit have allowed expedited discovery prior to the Rule 26(f) conference upon a showing of good cause." *Llama Grp. LLC v. Does 1-50*, No. 2:26–CV–01802–CV–AYP, 2026 WL 1196242, at *2 (C.D. Cal. Apr. 8, 2026). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron American, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "The Ninth Circuit has emphasized that diligence and the intent of the moving party are the *sine qua non* of good cause." *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, No. 14-CV-621 RSM, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

In this Circuit, "[c]ourts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *Id.* (citing *The Thompsons Film, LLC. v. Does 1–194*, Case No. 2:13–cv–00560–RSL (W.D. Wash. Apr. 1, 2013); *Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068 (N.D. Cal. 2011); *AF Holdings LLC v. Does 1–97*, 2011 WL 2912909 (N.D. Cal. 2011); *Malibu Media, LLC v. John Does 1–23*, 2012 WL 1144822 (D. Colo. 2012); *Cottrell v. Unknown Correctional Officers*, 1–10, 230 F.3d 1366, *1 (9th Cir. 2000)). The Ninth Circuit itself has specifically held that "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (cleaned up).

Here, Ms. Tomasi seeks limited discovery prior to the parties' Rule 26(f) conference exclusively to identify the JOHN DOE defendant named in her complaint. Discovery in the form of Rule 26 discovery requests served on Defendant City of Los Angeles would uncover JOHN DOE's identity with certainty, as the City possesses JOHN DOE's body-worn camera footage, which it attached as an exhibit to materials

that it filed in another case. Griffin Decl. ¶ 13; *see also* Decl. of Lieutenant Jasmin Gomez, *Los Angeles Press Club v. City of Los Angeles*, No. 2:25-cv-05423, ECF No. 69-4 ¶ 9 (C.D. Cal. Aug. 18, 2025) (attaching as Exhibit J body worn camera footage from "Officer Lopez," capturing his shooting of Ms. Tomasi). Plaintiff has been diligent in seeking this information from the City, to no avail. Griffin Decl. ¶¶ 2–12; *cf. Renaud v. Gillick*, No. C06-1304RSL, 2007 WL 98465, at *3 (W.D. Wash. Jan. 8, 2007) (granting motion for expedited discovery where "plaintiffs exercised diligence in attempting to locate [subject of proposed early discovery] before making this motion" and "the failure of plaintiffs to locate [same] is not self-procured"). There is also no reason for the Complaint to be dismissed on other grounds, as no party has moved to dismiss it, and even if a party did so, it would withstand such a motion because it sufficiently alleges each claim.

The need for this discovery outweighs the prejudice to the responding party. As noted, *supra*, the City of Los Angeles clearly possesses the information that Ms. Tomasi would seek through early discovery, meaning that there would be little, if any, prejudice to that party. *See Music Grp. Macao Com. Offshore Ltd.*, 2014 WL 11010724, at *1 (granting motion for expedited discovery where discovery was "reasonably likely to lead to the production of information that will permit Plaintiffs to serve process"). However, without this discovery, Ms. Tomasi will be severely prejudiced because she will not be able to proceed with her claims against Defendant JOHN DOE. *See* Complaint at ¶¶ 58–108.

Good cause therefore exists to permit expedited discovery prior to a Rule 26(f) conference in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves the Court to continue the deadline to serve the summons and complaint by 90 days, to December 3, 2026, and to grant leave, prior to the Rule 26(f) conference, to serve Rule 26 discovery requests on

Defendant City of Los Angeles to obtain information regarding Defendant JOHN DOE's identity and location.

Dated: August 26, 2026

JEAN-PAUL JASSY
AMANDA HARRIS
JASSY VICK CAROLAN LLP

RENEE M. GRIFFIN
GRAYSON CLARY
ADAM A. MARSHALL
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS

By: _/s/ Renee M. Griffin_
Renee M. Griffin

Attorneys for Plaintiff LAUREN TOMASI