JEAN-PAUL JASSY, SBN 220513
jpjassy@jassyvick.com
AMANDA HARRIS, SBN 353438
aharris@jassyvick.com
JASSY VICK CAROLAN LLP
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: 310.870.7048
Facsimile: 310.870.7010

RENEE M. GRIFFIN*
rgriffin@rcfp.org
GRAYSON CLARY*
gclary@rcfp.org
ADAM A. MARSHALL*
amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: 202.795.9300
Facsimile: 202.795.9310

**pro hac vice*

Attorneys for Plaintiff LAUREN TOMASI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN TOMASI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity, and JOHN DOE, officer of the Los Angeles Police Department, in his individual capacity,<br><br>Defendants. | CASE NO. 2:26-cv-06184<br><br>**DECLARATION OF RENEE M. GRIFFIN IN SUPPORT OF MOTION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT AND FOR EXPEDITED DISCOVERY**<br><br><u>Hearing</u><br><br>Date: October 8, 2026<br>Time: 10:00 a.m.<br>Courtroom: 5B<br>Judge Hernan D. Vera |

I, Renee M. Griffin, declare as follows:

1. I am counsel for Lauren Tomasi in the above-captioned matter. I submit this declaration based on my personal knowledge.

2. Prior to filing the Complaint in this matter, on September 9, 2025, counsel for Ms. Tomasi submitted a public records request to the Los Angeles Police Department ("LAPD") via LAPD's online NextRequest portal and a letter to Sergeant Joseph Lloyd, seeking information about the identity of Defendant JOHN DOE pursuant to the California Public Records Act, Gov't Code §§ 7920.005 et seq., California Penal Code §§ 832.7-832.8, and Art. I, § 3(b) of the California Constitution. A response to the request was due no later than September 15, 2025, but LAPD closed the request without producing any responsive records or disclosing whether any responsive records did or did not exist.

3. On October 10, 2025, counsel for Ms. Tomasi sent a follow-up letter to Lieutenant II Paul Chambers at LAPD regarding the public records request, and requesting a response by October 20, 2025. LAPD did not respond to that letter.

4. Counsel for Ms. Tomasi filed the Complaint in this action on June 8, 2026, and served Defendant City of Los Angeles ("City") with the Complaint and Summons on June 18, 2026.

5. On July 10, 2026, one day after the City filed its Answer in this matter, I emailed Christian R. Bojorquez, who had appeared on the City's behalf, requesting prompt disclosure of Defendant JOHN DOE's name and offering to discuss initial case management issues. Mr. Bojorquez did not respond.

6. On July 17, 2026, I emailed Mr. Bojorquez again to follow up on my prior request. He did not respond.

7. On July 22, 2026, Rebecca E. Hunter replaced Mr. Bojorquez as counsel for City of Los Angeles. On July 23, 2026, I forwarded Ms. Hunter my prior emails to Mr. Bojorquez and again requested that the City promptly disclose JOHN DOE's name. Ms. Hunter did not respond.

8. On August 7, 2026, I emailed Ms. Hunter again requesting to schedule a call to discuss the issue of JOHN DOE's identity, and informing her that Plaintiff intended to file this Motion. Ms. Hunter did not respond.

9. On August 18, 2026, at 10:32 a.m. PT, I called Ms. Hunter's office and asked to speak with her. A member of her staff informed me that Ms. Hunter was unavailable all day. I requested that the staff member leave a note for Ms. Hunter with my phone number and a request to return my call as soon as possible.

10. Also on August 18, 2026, I emailed Ms. Hunter to inform her that I had called and asked again that she return my call at her earliest convenience. I also informed her that I wished to confer about Plaintiff's planned Motion for Extension of Time and for Expedited Discovery, and that if I did not hear from her by the end of the day on August 21, 2026, I would inform the Court that the City declined to confer or provide a position on the Motion.

11. I called and left a message with the office of Rebecca Hunter one last time on August 20, 2026 at 9:22 a.m. PT.

12. Ms. Hunter never responded to either my calls or my emails.

13. It is my understanding that the City possesses information about JOHN DOE's identity, as well as his body-worn camera footage of the incident at issue in this matter. In a related case, the City filed a declaration from a city employee attaching what I believe to be that footage as an exhibit. *See* Decl. of Lieutenant Jasmin Gomez, *Los Angeles Press Club v. City of Los Angeles*, No. 2:25-cv-05423, ECF No. 69-4 ¶ 9 (C.D. Cal. Aug. 18, 2025) (attaching as Exhibit J body worn camera footage from "Officer Lopez," capturing his shooting of Plaintiff).

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: August 26, 2026

*s/ Renee M. Griffin*
Renee M. Griffin
Counsel for Plaintiff Lauren Tomasi